UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-22375-WILLIAMS/MCALILEY

MARLON T. LEWIS,

       Plaintiff,
vs.

KILOLO KIJAKAZI, ACTING COMMISSIONER
of SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 22), and Defendant's Motion for Summary Judgment. (ECF No. 23). This matter is fully briefed, and the Honorable Kathleen M. Williams referred it to me for a report and recommendation. (ECF Nos. 2, 25). For the reasons set forth below, I respectfully recommended that Plaintiff's Motion for Summary Judgment be denied, and Defendant's Motion for Summary Judgment be granted.

    **I.**    **Background**

Plaintiff filed for disability insurance benefits and supplemental social security income on December 11, 2014, alleging disability since September 20, 2014. Tr. 385-97.[1] Plaintiff's applications were denied initially and on reconsideration. Tr. 185-90, 196-205. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on May 16,

---

[1] Citations to the transcript of proceedings before the Social Security Administration, filed at ECF No. 18, are to "Tr. [#]."

1

2017, which Plaintiff attended along with a non-attorney representative. Tr. 158-74. Plaintiff testified at the hearing, as did a vocational expert, Lorin Charles Lovely. *Id*. On November 3, 2017, the ALJ issued a written decision in which he found that Plaintiff was not under a disability as defined in the Social Security Act (the "2017 Decision"). *Id*. The Appeals Council granted review of the 2017 Decision and remanded the matter to the ALJ for further administrative proceedings.[2] Tr. 182-83.

Following remand, a different ALJ conducted a second hearing, which was held on August 18, 2020. Tr. 15. An attorney represented Plaintiff at this hearing, as did his prior non-attorney representative. *Id*. Plaintiff testified at the hearing, along with a different vocational expert, Ghari Shirley. *Id*. On November 18, 2020, the ALJ issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "2020 Decision"). Tr. 15-32. The Appeals Council denied Plaintiff's request for review of this decision, making the ALJ's 2020 Decision the final decision of the Commissioner. Tr. 1-6.

Plaintiff's Motion focuses on the vocational expert ("VE"), and I will therefore summarize those portions of the record relevant to the VE's testimony.[3] Plaintiff's attorney had no objections to the vocational expert's qualifications. Tr. 80. The VE testified that a hypothetical individual with Plaintiff's residual functional capacity could not perform any

---

[2] In particular, the Appeal Council remanded the matter to the ALJ to consider "all source opinions…and explain the weight given to such opinion evidence" when determining Plaintiff's residual functional capacity. Tr. 182.

[3] The Court has thoroughly reviewed the entire record in this action, which includes Plaintiff's medical records and the transcript of the hearing before the ALJ. I will reference the administrative record as it is relevant to the issues raised in Plaintiff's Motion.

of his previous work as a parking lot attendant, parking supervisor, pipe fitter and construction worker, and on this basis, the ALJ concluded that Plaintiff is unable to perform any past relevant work. Tr. 30, 81). Plaintiff does not challenge this conclusion.

The VE further testified that a hypothetical individual with the same age, education, work experience and residual functional capacity as Plaintiff could perform other work available in the national economy. Tr. 81-82. Those jobs are final assembler, leaf tier and callout operator. *Id*. In reaching his conclusions, the VE relied upon Dictionary of Occupational Titles ("DOT") job listings and various sources, including the SkillTRAN OASYS program and consultation with a team of other vocational experts, in addition to his training, education and experience. Tr. 79, 85-87. The VE explained how he used SkillTRAN as follows:

> I pull my numbers from various sources, but one source I use is the application titled SkillTRAN. What they do is pull…their job numbers from surveys conducted by the Bureau of Labor Statistics. What I do from there, me and other vocational experts are consulted and narrow down those job numbers to be reflective of the individual jobs that are presented here today. So I did not present the numbers for entire job groups. These numbers reflect the positions that were spoken of today.

Tr. 85-86.

The ALJ relied upon the VE's testimony to conclude that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff was not disabled because there are other jobs that exist in significant numbers in the national economy that Plaintiff is capable of performing. Tr. 32. The crux of Plaintiff's Motion is that this

conclusion is not supported by substantial evidence because the VE did not adequately support his findings.[4] Plaintiff's criticisms lack merit for the reasons explained below.

**II.     Analysis**

The Social Security Administration has established a five-step sequential analysis that an ALJ must follow to determine whether an individual is disabled. The issue in this cases centers on step five, for which the Commissioner bears the initial burden of proof. *See Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020) ("A claimant bears the burden at the first four steps, but the burden shifts at step five, which asks whether the claimant can perform a job that exists in significant numbers in the national economy given her vocational profile."). "At step five…the Commissioner of Social Security must show the existence of jobs in the national economy which, given the claimant's

---

[4] Plaintiff asserts, in conclusory fashion, that he objects "to that portion of the Magistrate Judge's report which states that 'the medical evidence does not support [Plaintiff's] claims that he meets a 1.05 listing'." (ECF No. 22 at 5). This assertion is laden with errors. First, there is no "Magistrate Judge's report" in the record, and the Court assumes that Plaintiff is instead objecting to the ALJ's 2020 Decision. Second, the ALJ's 2020 Decision does not mention Listing 1.05, which is titled "Amputation," and there is no medical evidence that Plaintiff underwent an amputation. Third, while the ALJ's decision does address Listing 1.04, titled "Disorders of the Spine," the ALJ explains the reasons for her conclusion that Plaintiff has not submitted medical evidence which meets all the requirements of Listing 1.04. Tr. 22.  It is Plaintiff's burden to prove that his impairment meets or equals a listed impairment. *Barclay v. Comm'r of Social Security*, 274 F. App'x 738, 741 (11th Cir. 2008). Plaintiff does not point to any medical evidence which shows that he meets the criteria of Listing 1.04, and therefore Plaintiff's objection is without merit. *See Arrington v. Social Sec. Admin.*, 358 F. App'x 89, 94 (11th Cir. 2009) ("[Plaintiff] does not point to any evidence that supports he had nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, such that he met or equaled the criteria of [Listing 1.04]. The ALJ's conclusion that [Plaintiff] did not meet this listing therefore satisfies our scrutiny.").

Plaintiff also argues that the ALJ erred by failing to "conduct a comparison of the evidence that led to the claimant's prior disability finding with the new medical evidence." (ECF No. 22 at 9). There is no evidence in the record, and Plaintiff points to none, which shows that Plaintiff was previously found to be disabled. Given the absence of a prior disability finding, Plaintiff's argument is without merit.

impairments, the claimant can perform. If the Commissioner makes this showing, the burden shifts back to the claimant to prove [he] is unable to perform the jobs suggested." *Id*. at 1279 (quotation marks omitted) (citing *Hale v. Brown*, 831 F.2d 1007, 1011 (11th Cir. 1987)).

An ALJ may rely on the testimony of a vocational expert when determining whether the claimant is able to perform other work. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) ("For guidance [at step five], ALJs often seek the views of vocational experts.") (quotation marks omitted). Plaintiff argues that the VE's testimony was deficient for several reasons. As an initial matter, though, the Court notes that Plaintiff criticizes the wrong vocational expert. Plaintiff's complaints regarding the VE's testimony are directed to Lorin Lovely, (ECF No. 22 at 6-7), who was the vocational expert at the 2017 hearing, Tr. 92, and Plaintiff's criticism that the VE identified jobs that are outdated addresses jobs that Mr. Lovely suggested, Tr. 173-74. The ALJ addressed Mr. Lovely's testimony in the 2017 Decision, which was superseded by the 2020 Decision, and that latter decision is what Plaintiff has appealed. Plaintiff is not represented by counsel, and the Court will liberally construe his arguments as directed to Ghari Shirley, who was the VE during the 2020 hearing.

First, Plaintiff argues that the VE improperly relied on the DOT, which contains "outdated information," and should have instead relied upon "[t]he Department of Labor's current tool in accessing current occupations," which is O*Net.[5] (ECF No. 22 at 6).  The

---

[5] Plaintiff is correct that the DOT "is outdated – some would say obsolete…." *Goode*, 966 F.3d at 1281. Nevertheless, as explained *infra*, a vocational expert is still entitled to rely upon the DOT.

Eleventh Circuit Courts of Appeals recently addressed this argument. In *Tisdale v. Commissioner of Social Security*, the Court recognized that Social Security regulations "specifically state that the agency will take notice of the DOT," and the ALJ is "required to…consider the DOT in conjunction with the vocational expert's testimony." 806 F. App'x 704, 711 (11th Cir. 2020) (citations omitted). The *Tisdale* Court noted that "[t]he regulations do not mention O*Net as a source of reliable data or require the agency to compare data from the DOT to O*Net." *Id*. at 711. The Court observed that the vocational expert in that case explained that O*Net "is not an acceptable source of data for making disability determinations" because its "occupational clusters do not include adequate functional performance data and are best suited for Vocational Exploration and Career Development." *Id*. From this, the Eleventh Circuit rejected the claimant's argument that the vocational expert should have disregarded the DOT job listings in favor of O*Net. *Id*. The same result is required here. *Id*; *see also Piloto v. Saul*, No. 20-21788-CV, 2021 WL 4244865, at *5 (S.D. Fla. Sept. 6, 2021) ("The problem that Plaintiff has in this respect is that neither SSR 004-4p nor the decision in *Washington v. Comm'r of Soc. Sec.* requires the ALJ to resolve conflicts between an O*Net definition and a VE's testimony; both refer only to the DOT.") (citations omitted).

Second, Plaintiff asserts that the VE failed "to provide testimony regarding how conclusions were reached on job incidence…." (ECF No. 22 at 6). Plaintiff is again mistaken. As discussed above, the VE did explain how he used various sources of data to arrive at his conclusions. Tr. 79, 85-87. "The Social Security regulations provide that an ALJ may rely on a VE's knowledge and expertise, and they do not require a VE to produce

6

detailed reports or statistics in support of her testimony." *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012); *see also Contreras v. Comm'r of Soc. Sec.*, No. 2:18-cv-739, 2020 WL 1316784, at *8 (M.D. Fla. March 20, 2020) ("[W]hen a vocational expert testifies as to the source or sources of his estimates for jobs, a vocational expert is not required to provide a comprehensive statistical explanation of how he arrived at the number of jobs in the national economy that a plaintiff is able to perform.") (quotation marks and citations omitted).

Third, Plaintiff argues that the VE's testimony is unsupported because the VE did not "call witnesses to support their claim." (ECF No. 25 at 4). Plaintiff misunderstands the role of a vocational expert. Vocational experts "are professionals under contract with [Social Security Administration] to provide impartial testimony in agency proceedings." *Biestek*, 139 S. Ct at 1152 (citations omitted). They are "expert[s] on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (*superseded by statute on other grounds*, *Jones v. Soc. Sec. Admin*, No. 22-10507, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022)). Vocational experts do not assert a claim for relief or have an obligation to present witnesses.

Finally, Plaintiff argues in his reply that the jobs identified by the VE are improper because (i) "[t]he VE has not provided evidence of employer that have hire or willing to hire anyone in Plaintiff's position [sic]," (ii) "Plaintiff has a felony record and would not be able to pass the background check," (iii) one of the jobs ("final assembler") requires "standing and lifting," whereas Plaintiff is limited to sedentary work, and (iv) one of the

jobs ("leaf tier") is "not in Miami" where Plaintiff lives. (ECF No. 25 at 2). None of these arguments have merit. The Social Security regulations expressly state that in determining whether work exists in the national economy that the claimant is able to perform, "[i]t does not matter whether…[y]ou would be hired if you applied for work." 20 C.F.R. § 404.1566(a)(3); *see also Scott v. Astrue*, No. 3:08-cv-1075, 2010 WL 3893685, at *12 (M.D. Fla. Sept. 30, 2010) ("It is evident from the record that Plaintiff thought he could physically perform the jobs; yet, he was concerned that he could not obtain the jobs because of his criminal record. As the ALJ correctly noted in response to Plaintiff's concern, the relevant inquiry is not whether a claimant can obtain a job; the inquiry is whether it is possible for the individual to perform the work.") (quotation marks and citation omitted).

As for Plaintiff's criticism of the final assembler position, Plaintiff attaches excerpts from the online job search platform, Indeed.com, purportedly showing job descriptions for "assembler" positions with a metalworks company and a company specializing in air compressor products and services. (ECF No. 25-1 at 1-5). These excerpts are not competent evidence and, in any event, they concern the wrong position. The VE testified that Plaintiff could perform the job of final assembler corresponding to DOT Code 713.687-018, Tr. 81, which is titled "Final Assembler (optical goods)." *See Dictionary of Occupational Titles* xiii (4th ed. 1991) at 713.687-018. The DOT specifies that this job is sedentary, *id.*, and thus is consistent with Plaintiff's residual functional capacity and the ALJ's hypothetical to the VE. Tr. 23, 80-81. Plaintiff offers no evidence that he is unable to perform the work required for this position.

Plaintiff's last criticism, that there are no leaf tier jobs in Miami, likewise fails. "The appropriate focus under the [Social Security] regulation…is the national economy, not the local economy where the claimant resides." *Collas v. Acting Comm'r of Soc. Sec.*, No. 8:20-cv-1791, 2022 WL 370115, at *4 (M.D. Fla. Feb. 8, 2022) (citing *Allen v. Bowen*, 816 F.2d 600, 603 (11th Cir. 1987)).

The ultimate question before the Court is whether substantial evidence supports the ALJ's conclusion that there are a significant number of jobs in the national economy suitable for Plaintiff to perform. *Collas*, 2022 WL 370115 at *4 ("Thus, the question is not whether the VE's testimony is supported by substantial evidence, but rather whether the ALJ's decision is supported by substantial evidence.") (citing *Pace v. Comm'r of Soc. Sec.*, 760 F. App'x 779, 781 (11th Cir. 2019)). Substantial evidence is "more than a mere scintilla" and "means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (citations omitted). For the foregoing reasons, the ALJ properly relied upon the VE's testimony, and thus there is substantial evidence to support the ALJ's conclusion that Plaintiff could perform other work in the national economy.

### III.   Recommendations

Based on the foregoing, I respectfully recommend that the Court **DENY** Plaintiff's Motion for Summary Judgment, (ECF No. 22), and **GRANT** Defendant's Motion for Summary Judgment (ECF No. 23).

### IV.     Objections

**No later than 14 days from the date of this Report and Recommendation**, the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 22nd day of August 2022.

                                                                                    _____
                                                                                    CHRIS McALILEY
                                                                                    UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Kathleen M. Williams
        Counsel of record
        Marlon T. Lewis, *pro se*